IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WENDY REPICH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:22-cv-1035 |
| FAIRWAY INDEPENDENT MORTGAGE CORPORATION , | § § § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Wendy Repich ("Repich") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay Repich in accordance with the guarantees and protections of the FLSA. Defendant has failed and refused to pay Repich at time-and-one-half her

regular rate of pay for all hours worked in excess of forty hours within a workweek, although Defendant had full knowledge that Repich consistently worked over forty hours per week.

## II. PARTIES

3. Plaintiff Wendy Repich is an individual residing in Round Rock, Texas. Defendant Fairway Independent Mortgage Corporation ("Defendant" or "Fairway") is a nationwide mortgage lender.

4. Repich began working for Defendant in January 2022, and her last day of employment was October 7, 2022.

5. Repich was employed by Fairway as an hourly loan processor.

6. Repich performed all work for Fairway in Round Rock, Texas.

7. Fairway Independent Mortgage Corporation is a foreign corporation authorized to do business in Texas.

8. Fairway's registered agent for service of process is Corporation Service Company, located at 211 E. 7th Street, Austin Texas 78701.

9. At all times relevant to this claim, Fairway was an employer of Repich as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

11. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Williamson County, Texas, which is in this District and Division. Repich was an employee of Defendant, and performed work for Defendant in and around

Williamson County, Texas. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

12. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Repich was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

16. As a loan processor, Repich handled items such as telephones and computers as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

17. Defendant operates a nationwide mortgage lending company.

18. Repich was employed by Defendant from January 12, 2022 to October 7, 2022 as a loan processor.

19. Throughout her employment, Defendant paid Repich on an hourly basis.

20. Repich's hourly rate was $35 per hour.

21. If Repich worked more than 40 hours per week, she was entitled to time and one-half her regular rate for all such hours.

22. During all times relevant to this action, Repich was a non-exempt employee.

23. Repich routinely worked long hours and consistently worked more than forty hours per week.

24. However, Repich was instructed to record no more than 8 hours per day on Defendant's timeclock.

25. Defendant never paid Repich any overtime premiums for any hours worked over forty per week even though she consistently worked more than forty hours per week.

26. Repich would often work up to 75 hours per week.

27. Defendant was fully aware of the hours Plaintiff worked.

28. At one point, Repich asked her supervisor, Victor Cale, why she was could not receive compensation for her overtime hours.

29. Mr. Cale became visibly agitated.

30. Mr. Cale told Plaintiff that she should be thankful that she even had a job.

31. Mr. Cale told Plaintiff that none of the other loan processors were being paid overtime premiums.

32. Mr. Cale told Plaintiff that there was a freeze on paying employees overtime pay.

33. However, Mr. Cale told Plaintiff he would investigate this issue further, and report back to Plaintiff.

34. Mr. Cale never again spoke to Plaintiff about her unpaid overtime.

35. Several months after she complained about unpaid overtime, Defendant fired Repich.

36. Whether Defendant fired Plaintiff for complaining about unpaid overtime or for complaining about questionable loan practices in which she observed Defendant engaging, or both, is unknown at this time.

37. Should Mr. Cale's statement that none of the other loan processors were being paid overtime pay prove true, Plaintiff reserves the right to amend this Complaint and seek to provide notice to all similarly situated employees/loan processors.

38. Defendant has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Repich.

### VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39. Repich incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

40. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating Repich for her work in excess of forty hours per week at rates no less than one-and-one-half times her regular rate for which she was employed. Defendant has acted willfully in failing to pay Repich in accordance with applicable law.

### VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Repich prays for judgment against Defendant Fairway Independent Mortgage Corporation as follows:

  a.  For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Repich and for liquidated damages equal in amount to the unpaid compensation found due to Repich ;

b. For an Order awarding Repich the taxable costs and allowable expenses of this action;

c. For an Order awarding Repich attorneys' fees;

d. For an Order awarding Repich pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Repich declaratory and injunctive relief as necessary to prevent the Defendant' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
    Douglas B. Welmaker
    Texas State Bar No. 00788641
    doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**